May 16, 1978

## 78-25 MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, OFFICE OF LEGISLATIVE AFFAIRS

### Bureau of Prisons—Inmates—Administrative Segregation—Supplemental Views

On May 10, 1978, we responded to your request for our opinion on what procedural protections are constitutionally required in transferring inmates from the general prison population to "administrative" segregation.[1] You asked that we supplement our opinion by answering the question whether the standards that we think apply to Federal penal institutions also apply to State institutions. We conclude that the same standards would apply.

The constitutional considerations involved in State prisoner transfers are the same as those in Federal prisoner transfers. However, Policy Statement No. 7400.50 applies only to Federal prisoners. Further, although we have no statistics, it is unlikely that every State has adopted provisions relating to prisoners that create constitutionally protectable liberty interests in remaining in the general prison population. Thus, the question is whether a liberty interest derives from the Constitution in the absence of such provisions.

The holding of *Enomoto* answers this question in the affirmative. Distinguishing *Meachum* v. *Fano* and *Montanye* v. *Haymes*, the three-judge court concluded that due process safeguards are triggered when prisoners are transferred from the general prison population to maximum security. These safeguards were held to apply whether the transfer is for disciplinary or administrative reasons. In so holding, the court ruled that the due process clause, standing alone, provided the fundamental basis for its decision. 462 F. Supp., at 402. The court proceeded to note that the California regulation provided additional authority for its holding.

The Supreme Court affirmed *Enomoto* without opinion. Thus, there is no way of determining whether the affirmance was based upon either or both of the reasons stated in the lower court's opinion. However, we find *Enomoto's* reasoning persuasive on both points and, therefore, we conclude that, even

---

[1]*See* opinion 78-23.

absent provisions creating a liberty interest in remaining in the general prison population, transfers therefrom to maximum security trigger constitutional safeguards.[2]

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[2]Complete unanimity is absent even within the Supreme Court on the precedential value of summary affirmances of decisions falling within the Supreme Court's appellate, as opposed to certiorari, jurisdiction. Where appeals are from three-judge court decisions, the Court has little choice but to affirm or reverse. (In these cases the Court cannot dismiss for want of a substantial Federal question because to do so would suggest that the issue raised by the plaintiff was without merit so as not to fall within the statutory jurisdiction of three-judge courts.) Nevertheless, an affirmance makes the lower court decision the "law of the land" until such time as the Supreme Court speaks again on the question.